IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 3:07-cv-00064 |
| v. | ) CONSENT DECREE |
| THE GOODYEAR TIRE & RUBBER COMPANY d/b/a GOODYEAR WHOLESALE TIRE CENTER, | )<br>)<br>)<br>) |
| Defendant. | ) |

The Equal Employment Opportunity Commission ("EEOC") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's complaint alleged that Defendant, The Goodyear Tire & Rubber Company d/b/a Goodyear Wholesale Tire Center ("Goodyear") discriminated against Jule Benson by subjecting him to a racially hostile work environment because of his race, black. Goodyear expressly denies any liability in connection with the litigation and has agreed to resolve this matter to avoid the expense, inconvenience, and burden resulting from continued litigation of this matter.

The EEOC and Goodyear hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

1

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Goodyear shall not discriminate against any person on the basis of race or any other protected category within the meaning of Title VII.

2. Goodyear shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Goodyear shall pay the sum of Eighteen thousand, three hundred and 00/100 dollars ($18,300.00) in compensatory damages for settlement of the claims raised in this action. Goodyear shall make payment by issuing a check payable to Jule Benson. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Goodyear shall mail the check to Jule Benson at an address provided by the Commission. Within ten (10) days after the check has been sent, Goodyear shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery. Goodyear shall issue Jule Benson a form 1099 for the amount received, which is compensatory damages. Neither the EEOC nor Goodyear make any representation, or assume any responsibility for any tax liability,

assessments, interest, penalties and/or costs that Jule Benson may or may not incur on such payment under local, state, and/or federal law.

4.     Payment of the amount above is conditional upon Defendant's counsel's receipt of a fully executed Settlement Release and General Release ("Release") from Mr. Benson. Defendant has agreed to pay a reasonable amount not to exceed $300 to Benson to retain private counsel regarding the Release.

5.     Within ten (10) days of the entry of this decree by the Court, Goodyear shall eliminate from the employment records of Jule Benson any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 140-2005-01895 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Goodyear shall report compliance with this provision to the EEOC.

6.     Goodyear certifies that it has a written, anti-discrimination policy. Within ninety (90) days of the entry of this decree by the Court, Goodyear shall continue to distribute a formal, written antidiscrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial harassment and race discrimination; procedures for reporting racial harassment and race discrimination; and a procedure for the thorough and immediate investigation of employee complaints of racial harassment and race discrimination. Goodyear shall redistribute to each current employee at its Charlotte Goodyear Wholesale Tire Center, a copy of the policy within the 90 day time period. Within one hundred (100) days of the entry of this Consent Decree, Goodyear shall report compliance to the EEOC. During the

term of this Decree, Goodyear shall distribute the policy to all new employees and review it with them at the time of hire.

7.     During the term of this decree, Goodyear shall post a copy of the policy described in paragraph 6, *supra*, at its Charlotte Goodyear Wholesale Tire Center in a place where it is visible to employees. If the policy becomes defaced or unreadable, Goodyear shall replace it by posting another copy of the policy. Within 15 days after the Consent Decree is entered, Goodyear will post the policy and notify the EEOC that it has been posted.

8.     During the term of this Decree, Goodyear shall provide an annual training program to all of its managers, supervisors and employees at its Charlotte Goodyear Wholesale Tire Center. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against racial harassment and retaliation in the workplace. Each training program shall also include an explanation of Goodyear's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Goodyear shall provide the EEOC with an agenda for the training program. Within ten (10) days after completion of each training program, Goodyear shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC with a roster of all employees in attendance.

9.     Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing for ninety (90) days, Goodyear shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to

4

employees at its Charlotte Goodyear Wholesale Tire Center. If the Notice becomes defaced or unreadable, Goodyear shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Goodyear shall notify the EEOC that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Goodyear shall provide the EEOC with reports regarding its Charlotte Goodyear Wholesale Tire Center at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following:

> A. the name, address, telephone number, position, and social security number of each person who complains either verbally or in writing of racial harassment;
>
> B. the date of the complaint and to whom the complaint was made;
>
> C. detailed information regarding the substance of the complaint; and
>
> D. what action, if any, was taken in response to the complaint.

In the event there is no activity to report pursuant to this paragraph, Goodyear shall send EEOC a "negative" report indicating no activity.

11. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect Goodyear's facilities, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the EEOC believes that Goodyear is in violation of the Decree, the EEOC shall give notice of the alleged violation to Goodyear. Goodyear shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may

be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

13. The term of this Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the EEOC by Goodyear pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/
Lynette A. Barnes
Regional Attorney

s/
Tina Burnside
Supervisory Trial Attorney

s/
Darrell E. Graham
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (704) 344-6885
Facsimile: (704) 344-6780


THE GOODYEAR TIRE & RUBBER COMPANY
d/b/a GOODYEAR WHOLESALE TIRE CENTER


s/
Kimberly Q. Cacheris
McGUIRE WOODS, LLP
100 North Tryon Street, Suite 2900
Charlotte, N.C. 28210
Telephone: (704) 373-8999
Facsimile: (704) 373-8827

ATTORNEYS FOR GOODYEAR TIRE & RUBBER COMPANY

Signed: October 23, 2007

Graham C. Mullen
United States District Judge